# Waverly Coal and Coke Company *versus* McKennan, Trustee.

1. Under the Act of June 16th, 1836, an attachment execution is not the only remedy against goods of a debtor pledged to another, but the same may be levied on under a *fi. fa.* and sold subject to the rights and interest of the pledgee.

2. A claim of qualified property in the subject matter of an execution which has been made the foundation for a sheriff's rule for an interpleader, cannot be maintained by proof of absolute property; but averment and proof of the actual claim should be permitted, and, if sufficient evidence adduced, submitted to the jury with proper instructions.

October 23d, 1885.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, and CLARK, JJ.   PAXSON and GREEN, JJ., absent.

ERROR to the Court of Common Pleas of *Westmoreland County:*   Of October and November Term 1885, No. 159.

This was, in the court below, a feigned issue under the Sheriff's Interpleader Act to try the title to certain railroad coal cars, wherein the claimant, the Waverly Coal and Coke Company, was plaintiff, and the execution plaintiff, John D. McKennan, trustee, was defendant.

On the trial, before HUNTER, P. J., the following facts appeared:   John D. McKennan, trustee, obtained a judgment in Allegheny county against B. F. Rafferty and B. F. Rafferty & Co. and issued an attachment execution thereon against the Waverly Coal and Coke Company, to which the latter replied that they held a number of railroad coal cars of Rafferty which had been pledged to them for a debt.

Pending this attachment, McKennan removed his judgment to Westmoreland county, when the Waverly Coal Company, seeing that an execution was about to be issued, notified the sheriff that they held thirty cars of Rafferty as security for a

[Waverly Coal Co. *v.* McKennan.]

debt of $3,600, and warned him that those cars were not subject to a levy on a writ of *fieri facias.*

A *fi. fa.* was afterwards issued on said judgment and the sheriff levied on seventy-six railroad coal cars, as the property of B. F. Rafferty & Co., and took a rule on the claimant to interplead.

To this rule, claimant filed an answer, claiming all the seventy-six cars, part of them as pledged property and the balance as their absolute property; an issue was then formed, and after a bond and narr. were filed the sheriff withdrew from the property.

The plaintiff's narr. contained two counts, the first count claiming qualified property in the seventy-six cars as pledged to it for payment of a debt as aforesaid, there being nothing in the levy or schedule by which to separate or identify the particular cars held in pledge.

The second count claimed absolute property in seventy-six cars generally.

The defendant, by writing filed, asked that the first count in the narr. be stricken out for impertinency, upon the ground that the Act of Assembly and rules of court contemplated an issue only when absolute property was claimed, and on the further ground that the rule of court prescribed the form of the narr. and how the issue should be made.

Plaintiff treated this as a demurrer and joined therein and, on argument, the court sustained the demurrer "without prejudice to the rights of the plaintiff." Exception. (First assignment of error.)

To the second count, the defendant pleaded, and the issue being formed as to the absolute property only in the plaintiff, the cause came on for trial.

Plaintiff offered to prove by Wm. McCune, superintendent of plaintiff company, that thirty of the cars levied on by the sheriff were B. F. Rafferty's cars, and that forty-six of the cars levied on, and in the issue, belong to the plaintiff company absolutely; that they were in the plaintiff's possession before leased to Rafferty, and were returned by him to the plaintiff, and are now in plaintiff's possession; for the purpose of proving the issue on the part of the plaintiff.

To which offer counsel for the defendant objected, for the reason that the offer is incompetent and irrelevant, it appearing from the record that an issue was awarded only as to thirty railroad cars, which were claimed by the plaintiff as a pledge for the security of $3,600 for rent. Objection sustained and evidence excluded. Exception. (Second assignment of error.)

Plaintiff then offered in evidence the lease of its cars and

coal works to Rafferty, to show the foundation of plaintiff's claim on the thirty cars for $3,600, under the bailment stated in the narr. Objected to by defendant's counsel as irrelevant and incompetent, and because in the count of the declaration under which this action now proceeds, absolute ownership is averred, and the offer purports to prove a qualified, restricted ownership. Objection sustained and offer refused. Exception. (Third assignment of error.)

Plaintiff again offered the lease in evidence to show that the seventy-six cars—which may include the thirty cars—that forty-six of them were plaintiff's own cars leased to B. F. Rafferty with the works, and returned by him to the plaintiff at the termination of the lease, before the issuance of the execution in the case; to be followed by other evidence to prove what is stated in this offer. Objected to as irrelevant. Objection sustained. Exception. (Fourth assignment of error.)

Plaintiff further offered to show that all the cars levied on by the sheriff were in plaintiff's possession at and before the time of defendant's judgment and issuance of the execution; that forty-six of the cars were plaintiff's property absolutely, and thirty of them were held as security for a debt which B. F. Rafferty and B. F. Rafferty & Co. owed to the plaintiff, and were so held by plaintiff by agreement with B. F. Rafferty & Co., entered into some two months or more before defendant's execution issued; that they were in the plaintiff's exclusive possession as bailee under said agreement, at and before the time of the execution issued, and said B. F. Rafferty, defendant in the writ of B. F. Rafferty & Co., had no control over them whatever. Defendant objected to all of the above offer, except as to that showing possession of the chattels in the issue, for the reason that the same was incompetent and irrelevant. Objection sustained. Exception. (Fifth assignment of error.)

The defendant requested the court to charge "That under all the pleadings and evidence in this case, the verdict must be for the defendant." *Answer.* "Affirmed." (Seventh assignment of error.)

The court charged the jury, *inter alia*, as follows: "The plaintiff, having set up title to property as against the execution creditors of B. F. Rafferty & Co., must make out its case by competent proof. It has the affirmative of the issue, and must satisfy the jury that the identical property in dispute is its own property, and not that of the defendant in the execution.

"Having, as I have said, stricken out the first count in the plaintiff's declaration, all evidence tending to show a qualified property as set forth would be inadmissible; and only evi-

dence showing an absolute property can be considered by the jury.

"In our opinion, the plaintiff has failed to show an actual, absolute property in these thirty cars in dispute. As to the others, the sheriff has made no complaint, and it is alone the right of the sheriff to complain in this way. These, therefore, we need not consider. Taking this view, therefore, we are of the opinion that, under all the evidence, and under the pleadings as they now remain of record, the plaintiff has failed to make out a case, and we instruct you to find a verdict in favor of the defendant for the thirty cars, the title to which is now being tried.

"As we have said, we have no control over the remaining forty-six cars, there being no issue framed as to them. Your verdict for the defendant will therefore have the effect of settling the question as to the title to the thirty cars in which the plaintiff has set up a qualified property." (Sixth assignment of error.)

Verdict for defendant for the thirty cars returned by the sheriff as being the property in dispute.

Plaintiff thereupon moved in arrest of judgment and for a new trial on the ground that a judgment on the verdict would make a perfect record, enabling the defendant to demand a return of thirty of the cars upon plaintiff's forthcoming bond, clear and discharged of any claim of the plaintiff thereon, and would justify the sheriff in seizing and selling them, and would afford a perfect estoppel against the plaintiff in a defense to its bond in a suit against the sheriff or the vendees of the cars under him.

After argument on this motion, the court made the following order: "And now, July 25th, 1885, the motion in arrest of judgment and for a new trial is overruled, and on the filing of a paper by the defendant releasing forty-two of the cars from the sheriff's levy, judgment may be entered on the verdict for the thirty cars, with costs of suit, without prejudice, however, to the rights of the Waverly Coal and Coke Co. set up in their notice to the sheriff, as to their said thirty cars." (Eighth assignment of error.)

Judgment was subsequently entered in pursuance of this order, whereupon plaintiff took this writ, assigning for error the assignments above noted.

*Thomas Mellon* (*E. E. Robbins* with him,) for plaintiff in error. Under the Act of June 16th, 1836, goods pledged to secure a debt are not subject to a *fi. fa.* issued against the owner, but only to attachment execution. The latter writ has been uniformly used since the Act of 1836: Watson on Sheriffs,

182; Bank *v.* Hilgert, 3 Penny, 437; Trovillo *v.* Tilford, 6 Watts, 468; Linton *v.* Com'th., 46 Pa. St., 294. But aside from this, the question of pledge or no pledge in the thirty cars should have been submitted to the jury, if not regarded as admitted by the demurrer. The evidence offered was in accord with the pleadings, and should have been received.

*Charles C. Dickey* and *V. E. Williams* (*J. J. Hazlett* with them,) for defendant in error. A creditor has his election, to either levy on the goods of his debtor in the hands of a pledgee by a writ of *fi. fa.* and sell them subject to the pledgee's rights or to summon the pledgee as garnishee in an attachment execution: Lamb *v.* Vansciver, 1 Tr., H. Pr., § 1209; French *v.* Breidelman, 2 Grant, 319; Freeman *v.* Simons, 7 Phila., 307; Srodes *v.* Caven, 3 Watts, 258.

Although, perhaps, the issue in this case was improperly granted in the first place, yet the plaintiff having given bond, and the sheriff having withdrawn from his levy, the court was compelled to proceed with the case, otherwise the defendant would have lost his cars, and the benefit of the plaintiff's bond.

Substantial justice has been reached; the sheriff's right to levy on and sell the interest of the defendant in the execution, in the thirty cars mentioned in the sheriff's petition has been vindicated; the rights of the execution plaintiff to the defendant's interest therein declared, and the claimant, by the act of the execution plaintiff, made secure as to the forty-six cars claimed by him.

Mr. Justice TRUNKEY delivered the opinion of the court November 2d, 1885.

The plaintiff notified the sheriff that it had possession of thirty coal cars of the execution defendants, held as collateral security for a debt of $3,600, and would hold him liable as a trespasser if he levied on and sold the cars before payment of said debt. This was the only notice of claim, though the levy included seventy-six cars. The sheriff's petition for an interpleader refers to an inventory annexed, and as the inventory has not been printed, it will be presumed it was of the cars mentioned in the notice, and that the order awarding an issue was to determine the validity of the claim. As the case stood no other matter was involved in the dispute.

The claimant attempted to have the real issue appear in the pleadings, but the defendant in the issue moved that the first count "be stricken out for impertinency upon the ground that the Act of Assembly and rules of court contemplated an issue only when absolute property was claimed, and on the further

ground that the rule of court prescribed the form of the narr. and how the issue should be made." Of course the execution plaintiff denied the claim, else there would have been no issue.

Had he so directed, the sheriff would have sold the cars subject to the claim of the pledgee. Pleadings were ordered in the form prescribed by the rules of court, but the plaintiff having asserted a qualified property, the foundation of the sheriff's prayer for interpleader, could not maintain the claim by proof of absolute property: Meyers *v.* Prentzell, 33 Pa. St., 482; Stewart & Co. *v.* Wilson, 42 Id., 450. Nor did the plaintiff propose to prove anything inconsistent with the claim made to the sheriff respecting the thirty cars, the subject of the issue. This is an equitable proceeding, and if the court, as regards the form of pleadings, had adopted an unbending rule, the claimant should not have been deprived of his qualified right of property for impertinency in offering to plead and prove just what was claimed. The evidence ought to have been received, and if it established the claim the verdict and judgment could have been so moulded as to protect the plaintiff's rights.

It cannot be that the first count in the narr. was struck out on the ground that the statute contemplates an issue only when absolute property is claimed, for had the learned judge of the Common Pleas so construed the Statute he would have discharged the rule for interpleader. As appears in the charge to the jury, he well understood that the sheriff applied for an interpleader respecting the thirty cars only, and that the claim by the plaintiff to hold them as collateral security for a debt was all that had been made. The gist of the plaintiff's complaint is, that the court ruled that he could not aver and prove a qualified right of property in the thirty cars. That ruling is the ground of all that followed, including the instruction to render "a verdict in favor of the defendant for the thirty cars, the title to which is now being tried." Had the court permitted averment and proof of the actual claim of the plaintiff, doubtless, if sufficient evidence had been adduced, it would have been submitted with proper instructions.

This issue was not the claimant's seeking. The sheriff prayed the interpleader for his own protection. Perhaps it would have been better to have refused the prayer. But when the parties appeared in response to the rule, and joined in the issue ordered, a judgment against the claimant in that issue puts an end to the claim as against the execution creditor. A rule of court is not a legal bar to a claim which may be lawfully made, and were it a bar to the maintenance of a lawful claim in a sheriff's interpleader, the rule for interpleader should be discharged. The Statute is not designed to put a

claimant into a hole where he can neither extricate himself nor be permitted to prove his right.

Judgment was "entered on the verdict for the thirty cars, with costs of suit, without prejudice, however, to the rights of the Waverly Coal and Coke Company, set up in their notice to the sheriff." The verdict was against the claim set up in that notice. Can the court attach a condition to the judgment on the verdict, that it shall be without prejudice to the very claim that was defeated? If so, what has been accomplished by the trial and judgment? It leaves the parties where they stood before the issue was ordered. Then, why should the claimant pay the costs? The Statute makes it lawful for the court to direct an issue for the trial of questions of fact whenever the circumstances of the case require it. Unless the execution plaintiff disputed the plaintiff's claim there was no reason for an issue, and the plaintiff ought not to pay costs on a judgment which leaves his claim as it stood when made.

We are of opinion that the court below rightly ruled that goods of a defendant pledged as security for a debt, may be levied on and sold subject to the rights and interest of the pledgee. The authority to so levy and sell is plainly given by section 23 of the Act of June 16th, 1836. And such levy and sale could be made before that enactment as well as since: Srodes v. Caven, 3 Watts, 258; Meyers v. Prentzell, *supra.* The provisions of section 35 of the Act, as respects goods pawned or pledged, may be cumulative, but probably are intended for cases where the goods cannot be found by the officer. An attachment may reach goods in the hands of a garnishee, which the officer cannot discover.

The assignments of error will not be noted severally. They are sustained so far as inconsistent with this opinion. The fundamental error was the prohibiting of averment and proof of the actual claim.

> Judgment reversed and *venire facias de novo* awarded.