First National Bank of Woodstown *v.* Trainer, Appellant.

*Attachment execution—Execution—Stock—Affidavit—Act of June* 16, 1836, *sec.* 32, *P. L.* 755—*Waiver of irregularity.*

After a plea of nulla bona in an attachment execution, the regularity of the process cannot be questioned; the plea is a waiver of such irregularity.

Corporation stock, being a part of a block of stock standing in the name of a decedent, and bequeathed by him to a person for life and at her death to a nephew who was also executor, contingent upon the latter's survival of the life tenant, cannot be attached during the life of the life tenant, by summoning the executor as garnishee in an ordinary writ of attachment execution for a personal debt of his own, without the precedent affidavit and recognizance prescribed by the 32d section of the act of June 16, 1836; but if the executor and garnishee does not move to quash the writ of attachment, but pleads nulla bona and goes to trial, he cannot after verdict and judgment against him treat the attachment as a nullity. In such a case he will be presumed to have waived the irregularity.

Argued Feb. 8, 1904. Appeal, No. 129, Jan. T., 1903, by defendant, from judgment of C. P. Del. Co., June T., 1898, No. 71, on verdict for plaintiff in case of First National Bank of Woodstown v. J. Newlin Trainer, defendant, and J. Newlin Trainer, executor of Isaac Eyre, deceased, and the Delaware County National Bank, garnishees. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Attachment execution against the stock of a corporation. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on point of law reserved.

*W. B. Broomall,* for appellant.—The writ was good to reach the money which was found to be in the hands of the garnishee. The garnishee could do nothing but plead nulla bona : Lorenz v. Orlady, 87 Pa. 226 ; Steel v. Goodwin, 113 Pa. 288.

Wherever the defendant in the judgment is not the absolute

owner of the stock, a writ of attachment execution as to such stock is void : Eby v. Guest, 94 Pa. 160.

*George B. Lindsay*, for appellee.—Money coming into the hands of a garnishee after the service of an attachment execution and before it is dissolved, is bound thereby : Mahon v. Kunkle, 50 Pa. 216 ; Sheetz v. Hobensack, 20 Pa. 412 ; Poor v. Colburn, 57 Pa. 415.

The plea of the garnishee in this case was " nulla bona," and the only question raised by that plea is whether there is any money, stock, chattels or property in the hands of the garnishee belonging to the defendant. That this is the only question raised by the plea of " nulla bona " has been decided by this court in Poor v. Colburn, 57 Pa. 415 : Allen v. Erie City Bank, 57 Pa. 129.

By filing the plea of " nulla bona " the garnishee waived the question of the irregularity of the attachment, and is now estopped from setting it up.

OPINION BY MR. JUSTICE DEAN, June 15, 1904 :

The question involved in this issue as stated by appellant is :

" Can corporation stock, being part of a block of stock standing in the name of a decedent and bequeathed by him to a person for life, and at her death to a defendant in a judgment contingent upon his survival of the life beneficiary, be attached during the interest of the life beneficiary and prior to distribution by summoning the executor as garnishee in an ordinary writ of attachment execution and without the precedent affidavit and recognizance prescribed by the 32d section of the Act of June 16, 1836, P. L. 755."

Isaac Eyre deceased, among other personal property, owned thirty shares of the stock of the Delaware County National Bank, which shares he bequeathed to his executor J. Newlin Trainer in trust, " to collect the income and dividends from said stocks and to pay said income and dividends to my sister, Sarah Shanklin, for and during the term of her natural life, and at the decease of .my said sister, I give and bequeath the said Delaware County National Bank stock to my three nephews, J. Newlin Trainer, William E. Trainer and Edward E.

Trainer, absolutely, share and share alike, and in case of the death of any of my said nephews before my said sister, I give and bequeath the said nephew's share of said stock to his children then living share and share alike."

While Sarah Shanklin was living, and the stock still stood in the name of Isaac Eyre deceased, this plaintiff, the first National Bank of Woodstown issued an attachment execution on a judgment against J. Newlin Trainer and levied it on his share of the thirty shares of stock and summoned him as executor and garnishee. Sarah Shanklin, the life beneficiary, died January 2, 1902, and on July 25, 1902, the executor and garnishee filed plea of "nulla bona." On the trial of the issue, under the instructions and decision of the court, the plaintiff obtained judgment against J. Newlin Trainer, executor and garnishee, for the ten shares of stock which went to him under the will. From this judgment J. Newlin Trainer executor and garnishee appeals.

The complaint of appellant in substance is, that under the undisputed facts and the law there was not in the hands of J. Newlin Trainer, executor and garnishee, the ten shares of stock represented in the return as levied on by the attachment execution. The statute under which the writ was issued is the 10th section of the Act of April 13, 1843, P. L. 233, which provides that "All legacies, etc., which are subject to foreign attachment," etc., shall be subject to attachment in satisfaction of judgments in the same manner as debts are made subject to execution by the 22d section of the act of June 16, 1836, and that section provides that: "The stock owned by any defendant in any body corporate, also deposits of money in any bank or with any person or body corporate or politic belonging to him and debts due to him shall be liable to execution like other goods or chattels, subject nevertheless to all lawful claims thereupon of such body corporate or person." Then in the 32d, 33d and 34th sections of the same act it is provided that where the stock is in another name than that of the defendant in the judgment, no writ of attachment shall issue for its seizure without being preceded by an affidavit and recognizance. No affidavit and recognizance were filed before this attachment issued; the stock did not stand in the name of J. Newlin Trainer, defendant, or in his name as executor, but in that of

Isaac Eyre, the original owner.    Therefore it stood in the name of another than defendant and to constitute a lawful seizure the attachment should have been preceded by an affidavit and recognizance.

If nothing else appeared in the case, we think the effect to be given to appellants' counsel's interpretation of the statute is sound and would rule the case.    The argument of counsel for appellee tends more to prove that in this instance the requirements of the act are unreasonable, than that they do not mean exactly what they say.    They are too explicit in their terms for us to get clear of them by a strained interpretation although the effect in this case might defeat a just claim by a mere irregularity.

But must not defendant be held here to have waived the irregularity?    If he had moved to quash the writ of attachment or to have set it aside when first served, that motion would doubtless have prevailed; but he made no such motion, he pleaded nulla bona and went to trial.    Now, after verdict and judgment against him he asks us, because of a mere irregularity, to treat the attachment as a nullity; it is too late.    This is the gist of the decision in Poor et al. v. Colburn et al., 57 Pa. 415, which holds that " after a plea of nulla bona, in an attachment execution, the regularity of the process cannot be questioned; the plea is a waiver of such irregularity."

The assignments of error are overruled and the judgment is affirmed.