Williams *v.* Ricca et ux. (et al., Appellant).

Argued April 21, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

 

 
 

 

*Charles Myers,* of *Barnes, Biddle & Myers,* for appellant.

*Benjamin F. Kivnik,* with him *Glenn A. Troutman,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 5, 1936:

The sole question presented for decision in this appeal is whether a writ of attachment execution issued under Section 35 of the Act of June 16, 1836, P. L. 755, is effective to bind the contents of a safe deposit box rented by the judgment debtor. The proceeding before us originated in a judgment obtained on October 3, 1934, by Gordon Williams against Anthony Ricca and Arduina Ricca, his wife, upon a mortgage bond. Subsequently on November 15, 1934, the plaintiff caused a writ of attachment execution to be issued, summoning as garnishee the Girard Trust Company, from which institution the defendant, Arduina Ricca, rented a safe deposit box. On August 29, 1935, having been denied access to the box by the trust company on the ground that the contents were bound by the attachment, Arduina Ricca obtained a rule upon the garnishee trust company to show cause why she should not be permitted access to the box rented by her. No objection was raised by the garnishee to the rule, and it was made absolute. However, before Arduina Ricca actually had access to the box, the plaintiff, Williams, on September 11, 1935, was granted leave by the court to issue a writ of fieri facias against the contents of the safe deposit box in her name at the Girard

Trust Company. On the same day the writ of fieri facias was duly issued and served upon the trust company. The garnishee, on November 18, 1935, caused a rule to be issued on the defendant to show cause why the order of the court made September 9, 1935, permitting her access to the box, should not be vacated. This rule was discharged by the court below upon the ground that the writ of fieri facias having been issued against the contents of the box and duly executed, the prior writ of attachment execution had become inoperative. From the discharge of this rule by the court below the garnishee trust company has brought this appeal.

It is provided in the 35th section of the Act as follows: "In the case of a debt due to the defendant, or of a deposit of money made by him, or of goods or chattels pawned, pledged or demised, as aforesaid,[1] the same may be attached and levied in satisfaction of the judgment, in the manner allowed in the case of a foreign attachment, . . ."

According to the Act the process was modeled upon that employed in foreign attachment, as a proceeding familiar to the public, but the objects of the two forms of process were radically different; whereas foreign attachment is a mesne process issued to compel a foreign debtor to appear to the suit of his creditor, attachment execution is a final process issued for the purpose of enforcing a judgment already obtained: *Wray v. Tammany,* 13 Pa. 393; *Gochenaur v. Hostetter,* 18 Pa. 414; *Strouse v. Becker,* 44 Pa. 206.

Being in derogation of the common law, this enactment creating a new process in aid of execution, by the familiar principle of statutory construction, must be

---

[1] By Section 23 of the same Act (June 16, 1836, P. L. 755) it is provided that "goods or chattels of the defendant . . . which shall have been pawned or pledged by him as security for any debt or liability, or which have been demised, or in any manner delivered or bailed, for a term, shall be liable to sale upon execution."

construed strictly. Except so far as the use of this writ has been extended by later statutes, none of which applies to the instant situation, only such things as are enumerated in the 35th section of the Act are subject to attachment execution in the hands of a garnishee. It will be observed that the items listed have one common characteristic, namely the liability of the garnishee to account to the defendant: *Austin-Nichols Co. v. Union Trust Co.,* 289 Pa. 341; *Balthaser v. Bitner,* 61 Pa. Superior Ct. 611.

Tested by these principles are the contents of a safe deposit box rented by the defendant from a trust company such property of the defendant as is subject to attachment execution? By its plain terms the statute provides that the following property in the hands of the garnishee, and that *only,* can be attached and levied by virtue of the writ: (a) debts due to the defendant; (b) deposits of money made by the defendant; (c) goods and chattels pawned by the defendant; (d) goods and chattels pledged by the defendant; (e) goods and chattels demised by the defendant. The answer would seem obvious that the contents of a safe deposit box do not fall within any of the foregoing enumerated items of property. They are clearly not a debt due to the defendant, or a deposit of money made by him, or goods or chattels pawned, pledged or demised. Since the writ of attachment execution may be employed only to reach those interests of the defendant which are specifically authorized by the statute, and since the contents of a safe deposit box do not fall in any of these categories, it follows inevitably that such contents are not subject to attachment execution.

This question was before the Court in *Gregg v. Hilson,* 8 Phila. 91, where Justice SHARSWOOD, sitting at nisi prius, said: "I think it very clear that these rented safes cannot be the subject of attachment under the Act of June 16, 1836, section 35, P. L. 767. They are not a

'debt due to the defendant, or a deposit of money made by him, or goods or chattels pawned, pledged or demised.' The contents of the safe are in the actual possession of the renter of the safe; they have not been deposited with or demised to the company. I am asked to make an order upon the company to open the safe and file an inventory of its contents; this, I am of the opinion, I have no power to do. Rule discharged."

The cases which counsel for appellant has cited from other jurisdictions, which hold that the contents of a safe deposit box are subject to garnishment, can have no application here inasmuch as the statutory provisions under which the cases were decided differ in terms from the section of the Act now before us.

Appellant contends, however, that the leasing of the box and its use by appellee created a bailment to it of the contents thereof, and that such contents being in its possession as bailee are subject to the attachment. The record does not state, and we are not informed as to the terms of the contract whereby the safe deposit box was rented to appellee. It may be assumed, however, that the agreement is of the form commonly used whereby such boxes are kept in appellant's vault; that in accordance with the well known practice of such companies, the boxes may be opened only by two keys, one of which is kept by the box holder, the other, a master key, is retained by the company; that access to the box is restricted to such holders at such times and upon such conditions as the company imposes, so that at all times the vault and boxes therein are under the protection and care of the company.

Although it appears well settled by the authorities that the relationship between a banking institution and the holder of a safe deposit box therein is that of bailee and bailor, (see *Safe Deposit Co. v. Pollock,* 85 Pa. 391; *Reading Tr. Co. v. Thompson,* 254 Pa. 333; *Trainer v. Saunders,* 270 Pa. 451; *Conneautville Bank's Assigned*

*Est.,* 280 Pa. 545; *Moon v. First Natl. Bank of Benson,* 287 Pa. 398),[2] the "contents of a safe deposit box" as such do not fall within the classes of property which are bound by the writ of attachment execution under the statute in question. The provisions of the statute cannot be extended to include property not enumerated therein. We therefore hold that the contents of a safe deposit box, whatever goods and chattels such box may contain, whether money, stocks, bonds, or in fact property of any kind or nature, cannot be reached by a writ of attachment execution issued against such box and its contents.

However, it is our understanding, that before the defendant actually had access to her box under the order of the court, the writ of fieri facias was issued against the contents of the box and served upon the trust company. This was proper under Section 23 of the same Act of 1836, providing that "goods and chattels of the defendant . . . which shall have been pawned or pledged by him as security for any debt or liability, or which shall have been demised *or in any manner delivered or bailed* . . . shall be liable to sale upon execution . . . ." Clearly the provisions of Sections 23 and 35 of the Act of 1836 are distinguishable. To state the proposition briefly, the contents of a safe deposit box are subject to execution and sale under the provisions of Section 23 of the Act of 1836, but are not subject to a writ of attachment execution under Section 35 of the same Act. Mr. Justice SADLER, speaking for this Court, in *Trainer v. Saunders,* supra, made this clear when he said: "The writ of fi. fa. permits the seizure and sale of personal property of a defendant 'in any manner delivered or bailed.' Act June 16, 1836, Sec. 23. In this respect the proceeding is analogous to that begun by foreign attachment *(Klett v. Craig,* 1 W. N. C. 28), but dif-

---

[2] See also *Bowser v. 1st Natl. Bank,* 5 D. & C. 649.

fers from an attachment execution under Section 35, which provides for the issuance of process against 'a debt due to the defendant or a deposit made by him, or goods or chattels pawned, pledged or demised.' This distinction makes inapplicable here the rule enunciated in *Gregg v. Hilson,* 8 Phila. 91, a decision frequently cited in this and other jurisdictions as authority for the proposition that the contents of a safe deposit box cannot be seized on execution process. There is no legal reason why this may not be done on a writ of fi. fa. though the making of the levy becomes difficult." Further, he said, (p. 455) : "When the levy [under a fi. fa.] is made, reasonable opportunity should be given to the safe deposit company to assert any special rights which it may possess as bailee, but if there is a refusal to permit the opening of the box, without proper excuse, the right may, under the law, be enforced."

In view of the foregoing, we are of opinion that although the contents of defendant's safe deposit box were not subject to attachment execution under the provisions of Section 35 of the Act of 1836, they were bound by the writ of fieri facias subsequently issued by plaintiff and the garnishee was justified after service thereof upon it, in refusing to defendant access to her safe deposit box. It is unnecessary because of the conclusion we have reached to discuss the other contentions ably presented by counsel.

The order of the court below is affirmed. Costs to be paid by appellant.