Opinion by
 

 Rhodes, J.,
 

 This is an appeal from an order of the court below setting aside a writ of fieri facias under which the sheriff had made actual levy upon certain certificates of stock, and taken possession and control of them. The Citizens Bank of Parsons held a demand note of defendant, and as collateral held four certificates of stock in four foreign corporations. The certificates were issued to defendant by the respective corporations, and assigned in blank by defendant as collateral for the payment of his note. All the certificates so assigned were delivered by defendant to the bank with the note. Plaintiff held a judgment against defendant. An attachment execution was issued upon plaintiff’s judgment, wherein the Citizens Bank of Parsons was summoned as garnishee. In answer to interrogatories the garnishee stated that it had in its possession the four certificates belonging to defendant and issued in his name, which certificates were duly assigned in blank by defendant, and delivered to garnishee as security for a note. Upon petition of plaintiff the court ordered that judgment be entered for plaintiff and against the garnishee for the said certificates and assignments thereof, subject to the payment by plaintiff of the amount for which the certificates were pledged; that plaintiff have execution for said stock certificates; that
 
 *471
 
 a writ of fieri facias issue to sell all the right, title, and interest of defendant in the certificates, or so much thereof as may be necessary to pay the amount for which the certificates were pledged and the judgment of plaintiff, and any balance remaining from the proceeds of said sale to pay defendant in the writ; and that the garnishee permit the sheriff to make actual levy upon the certificates of stock under and by virtue of the writ of fieri facias.
 

 A writ of fieri facias was issued, and the sheriff made actual levy upon the certificates, taking them into his possession and under his control. Defendant then asked for a rule to show cause why the order of the court should not be vacated, the fieri facias set aside, the sheriff directed to return the certificates of stock to the garnishee, and why it should not be adjudged that garnishee had no property of defendant in its possession subject to the attachment. This rule was made absolute. Upon reargument before the court in banc, the order was affirmed. Plaintiff thereupon took this appeal.
 

 The garnishee is a Pennsylvania corporation, and the certificates were in its possession at its place of business in Parsons, Luzerne County. Plaintiff and defendant were residents of that county. Defendant does not deny that he owns the certificates of stock, or that he owes the plaintiff the amount of the judgment upon which the attachment execution and the writ of fieri facias were issued. The garnishee has raised no objection to the order of court, or to the delivery of the certificates upon which levy was made by the sheriff by virtue of the writ of fieri facias, nor has it objected to the sale thereof subject to the payment of its note, for which the certificates were held as collateral.
 

 All the certificates under levy were issued to defendant and assigned by him in blank; they were in what is known as “street form.”
 

 
 *472
 
 There is much authority for the proposition that under the common law corporate shares of stock were not subject to levy and sale under execution, and that the extent to which they are made liable to attachment is statutory.
 
 Moys v. Union Trust Co.,
 
 276 Pa. 58, 119 A. 738. In this state we have statutes relating to the attachment and sale by execution of corporate stock.
 
 [1]
 
 It has been held that these statutes do not extend to the stock of a foreign corporation.
 
 Christmas v. Biddle
 
 (1850) 13 Pa. 223;
 
 Moys v. Union Trust Co.,
 
 supra. In the latter case it was held that the statutory provision for attaching corporate shares will not be extended by construction to stock of a foreign corporation. Section 13 of the Act of May 5, 1911, P. L. 126 (15 PS §313), provides that no attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. See
 
 Adkins v. Poth et al.,
 
 286 Pa. 555, 134 A. 444.
 

 These authorities are unquestioned, but they are not applicable to the facts in the instant case. In
 
 Christmas v. Biddle,
 
 supra, the certificate was forwarded to brokers in Pennsylvania with
 
 [1]
 
 directions to sell at a limited price by the holder of the title, who asserted that he was but a trustee. Plaintiff served a foreign attachment upon the brokers in an action on the judgment against the alleged owner who resided in a foreign jurisdiction. The brokers retained the certificate up to the trial of the scire facias against themselves as garnishees. Neither the corporation nor the holder of the title to the stock was at the time in this state. In
 
 Moys v. Union Trust Co.,
 
 supra, the shares were deposited with the garnishee and transferred to
 
 *473
 
 its name, as trustee, on the books of the corporation. The legal title to the stock became vested in the trustee with duties to account for the proceeds of any sale, and for the accrued dividends less expenses. It was held that the net proceeds, if any, were subject to foreign attachment. In
 
 Adkins v. Poth et
 
 al., supra, the shares of capital stock were held by the garnishees as trustees under a deed of trust, and after its termination the shares of stock were to be transferred by the trustees to the party entitled thereto. It was there held that sections 22, 36, and 37 of the Act of June 16, 1836, P. L. 755 (12 PS §§2113, 2266, 2267), contemplated service of the corporation as garnishee when stock is seized under a writ of attachment, and that the attachment would not be effective under the Act of May 5, 1911, P. L. 126, §13 (15 PS §313), unless the certificate was actually seized by the officer making the attachment or levy, or surrendered to the corporation, or its transfer enjoined.
 

 In the instant case, by virtue of the writ of fieri facias, the sheriff has levied upon the certificates of stock belonging to defendant, and has taken possession of them. The bank surrendered them to the sheriff. They are now subject to his levy. Defendant contends that his certificates of stock cannot be seized and levied upon by virtue of a writ of fieri facias, for the reason that such certificatesi ar,e only pieces of paper evidencing the rights and privileges of the holder in the assets of the corporation; that they are no more than deeds to real estate located in another state. In our opinion, such contention has no substantive basis. Defendant’s note held by the bank authorized the bank to sell, either at public or private sale, the certificates of stock, without demanding payment and without notice, and apply the proceeds to the note. The parties manifestly considered the certificates of stock personal property which could be sold by the bank and transferred by delivery to a
 
 *474
 
 purchaser or purchasers. They were pledged by defendant to the bank as such, and were held by the bank as any other personal property would be held as collateral security for a debt. The certificates w;ere the same kind of property, whether in possession of the bank or in the hands of the sheriff. They could be sold or hypothecated within this state although certificates of stock of foreign corporations. They were capable of actual seizure under the writ of fieri facias. Having been so seized, they could be sold under judicial process. Certificates of stock assigned in blank, as in this case, are not only property, but tangible personal property; they are to be distinguished from the shares of stock which they represent. 14 C. J. 479, §703 — 705. See
 
 Neiler & Warren v. Kelley,
 
 69 Pa. 403.
 

 “Certificates of stock are treated by business men as property for all practical purposes. They are sold on the market, and they are transferred as collateral security for loans, and they are used in various ways as property. They pass by delivery from hand to hand, and they are the subject of larceny. See
 
 Re Whiting,
 
 150 N. Y. 27, 34 L. R. A. 232, 44 N. E. 715”:
 
 Simpson et al. v. Jersey City Contracting Co.,
 
 1605 N. Y. 193, 55 L. R. A. 796, at page 803.
 

 The certificates attached, and upon which levy was made by the sheriff under the fieri facias, were capable of manual delivery, and, having been assigned in blank, they may be transferred by such delivery. Again, it may be said that such certificates could be taken corporeally, and hence they could be the subject of levy. It is true that the certificates of stock are not the stock itself, and that the situs of corporate stock for various purposes is at the domicile of the corporation.
 
 [2]
 
 Our conclusion is not in conflict with those authorities so holding. “A share of stock is an incorporeal intangible
 
 *475
 
 thing. It is a right to a certain proportion of the capital stock of a corporation — never realized except upon the dissolution and winding up of the corporation — with the right to receive, in the meantime, such profits as may be made and declared in the shape of dividends. Trover can nor more be maintained for a share of the capital stock of a corporation than it can for the interest of a partner in a commercial firm. The two cases are precisely analogous. But the document or writing which is the evidence of ownership is a tangible corporeal thing — the subject not only of property but of possession — the right to which is essential in trover”:
 
 Neiler & Warren v. Kelley,
 
 supra, 69 Pa. 403, at page 407. Certificates of stock (domestic or foreign) are regular articles of commerce at the stock board; they are bought and sold in the markets of the world as personal property; they are transferable by simple assignment or by delivery; they are the subject of sale privately or publicly. See
 
 King, Brown & Co. v. Hyatt,
 
 41 Pa. 229;
 
 Citizen’s National Bank of Irwin v. Irwin Building & Loan Association,
 
 316 Pa. 536, 175 A. 399.
 

 If plaintiff had not issued an attachment execution, but had issued only a writ of fieri facias on his judgment against defendant, and by virtue of the same the sheriff had been able to actually levy upon, and take possession of, defendant’s certificates of stock, there is no legal reason why they could not have been sold for payment of the judgment, subject to the rights and interest of the bank. “The writ of fi. fa. permits the seizure and sale of personal property of a defendant fin any manner delivered or bailed.’ Act June 16,1836, sec. 23”:
 
 Trainer v. Saunders,
 
 270 Pa. 451, at page 452, 113 A. 681. The levy under the writ of fieri facias was made, and defendant’s personal property actually seized by the sheriff. Defendant’s petition to set aside the writ of fieri facias followed. The goods or chattels of a de
 
 *476
 
 fendant pledged as security for a debt may be levied on and sold subject to the rights and interest of the pledgee by virtue of section 23 of the Act of June 16, 1836, P. L. 755 (12 PS §2115). Under section 35 of the Act of June 16, 1836, P. L. 755 (12 PS §2265), goods or chattels pledged may be attached and levied in satisfaction of the judgment. See
 
 Waverly Coal and Coke Co. v. McKennan,
 
 110 Pa. 599, 605, 1 A. 543;
 
 Williams v. Ricca et ux.,
 
 324 Pa. 33, 187 A. 722.
 

 Neither in law nor in equity has defendant shown any reason why plaintiff’s judgment should not be recovered from his property under levy in the hands of the sheriff, and no one else has questioned plaintiff’s right to do so.
 

 The order of the court below is reversed, and the writ of fieri facias reinstated.
 

 [2]
 

 The Situs of Stock for the Purpose of Attachment (1937), 85 University of Pennsylvania Law Review 522.