BENJAMIN H. PEELER v. STEBBINS & KENNEY.

*Trespass.    Officer.    Attachment of property in boxes, &c.*

An officer has a right to take possession of boxes left at a depot for transportation, and open the same, and take on his attachment, any attachable articles therein.

But where boxes are so found at a depot, in which there is property exempt from attachment, the officer has no right to remove the same from the depot unnecessarily, and if the officer removes the boxes, and fails to show a necessity therefor, he is guilty of trespass.

TRESPASS for certain articles of personal property, described in the plaintiff's declaration.

Plea, not guilty and notice of special matter, and trial by jury.

On the trial the plaintiff gave evidence, tending to show, that his agent left at the railroad depot in Vernon, three boxes, containing the articles mentioned in the declaration, belonging to plaintiff, to be forwarded to the plaintiff in Illinois; that said boxes were taken by the defendants, and removed from said depot to a house about half a mile from said depot, and that no part of the same was returned to said depot, until near a month afterwards, and then a large number of said articles were missing.

The defendants read in evidence, two attachments, and two executions, in favor of said Stebbins against said Peeler, and the officer's returns thereon; and gave testimony tending to show that defendants, by virtue of said attachments, took said boxes from said depot, and removed them to a house about half a mile from said depot, and there, within two days, opened the same, and selected and retained on said attachments, and afterwards sold on execution the articles mentioned in the defendant's notice, and in said returns.    That the day after making such selection, the defendants returned said boxes, containing the rest of their contents to said depot; but that the depot master refused to receive the same, and that the next day, the defendants carried said boxes, and deposited them in the corn-barn of the depot master, (Burrows,) near said depot, where the same remained three or four weeks, when, by the order of the mother of plaintiff's wife, they were forwarded by railroad to the plaintiff.

The plaintiff also gave evidence tending to show, that most or

all the articles retained on said attachments, were articles of furniture and tools, exempt from attachment.

The defendants requested the court to charge the jury, that if said boxes contained any articles subject to attachment, the defendants were authorized by said attachments, to take and remove said boxes for the purpose of opening the same, and selecting and taking such articles.

The County Court, September Term, 1853,—COLLAMER, J., presiding, —charged the jury, among other things not excepted to, that the defendants were authorized to open said boxes, and take on said attachments any attachable articles therein; but they were not authorized to remove said boxes from said depot unnecessarily for that purpose, and if they did so, showing no necessity therefor, they were guilty of trespass, and the jury should give the plaintiff damage for what he suffered by such removal of the boxes, and also damage for any such articles actually retained by the defendants, which the jury found to be protected from said attachment by law, giving the jury full directions in relation thereto.

To that part of the charge of the court in relation to the removal of the boxes, the defendants excepted.

*E. Kirkland* and *Stoughton & Baxter* for defendants.

It is quite obvious that the boxes and some of their contents were attachable, and that no attachment could be made except by taking them into custody.

The original taking was legal, and the question arising on the exception is this: Did the officer after having the goods legally in his custody, become a trespasser *ab initio*, by carrying the boxes, with their contents, from the place where they were seized for the purpose of opening them, when he might, without inconvenience to himself, have opened them at the place of seizure? We contend that he did not.

In the case of *Lewis* v. *Whittemore*, 5 N. H. 364, it was held, that where goods of A. were intermixed with goods of B., and were taken by an officer upon a writ against B., that the officer could not be made a trespasser, and that he was not liable in any form, until A. had identified and demanded his goods.

The same principle was recognized in *Bond* v. *Ward*, 7 Mass. 123, and in *Shumway* v. *Butler*, 8 Pick. 448.

In the case at bar the property consisted of articles attachable, and articles not attachable, and they were mixed and boxed up by the plaintiff to follow him beyond the reach of his creditors, at the first convenient opportunity.

The officer might certainly take a reasonable time to open the boxes and make a schedule of the property, and he might legally exercise his own judgment as to the place where he would store them until he could conveniently perform that duty.

*J. D. Bradley* for plaintiff.

The defendants claim by their exceptions either,

1. That the writ which would justify their taking *one* thing, justified their unnecessarily taking another thing, or else,

2. That the detention of the boxes and articles exempt from attachment, in the first place, *two* days, and afterwards three weeks, is *presumed by law* to be necessary.

We deny both these propositions.

The opinion of the court was delivered by

REDFIELD, Ch. J.   The objection made, in this case, is only to the charge of the court, as to the removal of the boxes, and the goods not attached.   As, then, the process was never attempted to be applied, to any of this property, no question of trespass, by means of abuse of the process to cover property, which the officer put to some other use, inconsistent with the purpose for which it was taken, properly arises.

The officer had the right to take possession of the boxes, and open them, and separate what he chose to attach, as an incident, so to speak, of the right to make the attachment of property so situated.   But this he must do in a reasonable manner, and this is precisely what the court told the jury, in other words.   " But they were not authorized to remove said boxes from said depot, unnecessarily," " And if they did, *showing no necessity therefor &c.*" It seems to us, this is putting the case upon the true ground.   And if it became necessary or reasonable, for the defendants to do all that they did do, they should have shown the reasonableness of such acts to the jury, which comes clearly within the terms of the charge.

Judgment affirmed.