## P. Keil et al., Plffs. in Err., *v.* L. H. Harris.

---

### Same *v.* Same.

Where personal property is in the hands of a bailee, a transfer by bill of sale alone is good and valid, even as against the creditor of the vendor. So *held*, in regard to whisky in a bonded warehouse, and sold and delivered by certificate and bill of sale.

(Argued October 28, 1886.  Decided November 15, 1886.)

October Term, 1886, Nos. 42, 64, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Errors to the Common Pleas No. 1 of Allegheny County to review judgments on verdicts for defendant in two actions of trover and conversion.  Affirmed.

Reported below, 1 Pa. Co. Ct. 171, 33 Pittsb. L. J. 211.

These actions were brought by P. Keil and J. T. Keil, doing business as P. Keil & Son, against L. H. Harris to recover dam-

Cited in Exchange Bank v. Uhlman Goldsborough Co. 18 Pa. Co. Ct. 252, 256, 5 Pa. Dist. R. 480, 2 Dauphin Co. Rep. 352, holding that indorsement and delivery of warehouse certificates amounted to a delivery of the property they represented.

NOTE.—For the necessity of the change of possession of personalty as against creditors, see note to Chase v. Garrett, 1 Sad. Rep. 16.

ages for the conversion of fifteen and twenty-five barrels of whisky. The facts in the two cases are substantially the same. In the case No. 42 the following facts appeared on the trial before STOWE, J.:

J. H. Vandegrift & Brother were distillers doing business at Fredericktown, Washington county, where their distilleries and warehouses were located.

James Horner was duly authorized by them to transact business in their name and sign all papers connected therewith. In October, 1880, he procured an order from Miller, Force, & Company of Pittsburgh, for a certain quantity of whisky to be made during the months of September, October, and November, 1881, of which lot the whisky in controversy is a part. When this whisky was manufactured it was gauged, stamped, and stored in the United States bonded warehouse of J. H. Vandegrift & Brother, who sent to Horner the gauger's certificate containing a statement of the number of barrels, their serial numbers, proof, etc., and a copy of the firm's product book, showing the name of the purchaser, the number of the lot and the serial numbers of the barrels. These certificates were delivered to Miller, Force, & Company, by Horner, who at the same time delivered to them a warehouse certificate which showed the same facts, and also stated that the whisky was sold and transferred to Miller, Force, & Company, and stored subject to their order, on their account, and at their risk.

Miller, Force, & Company gave their note for the amount of the bill and paid the same at maturity. The whisky (still in the warehouse) was sold by Miller, Force, & Company to the defendant, L. H. Harris, April 13, 1883, and the certificates were delivered to him.

September 7, 1883, plaintiffs, P. Keil & Son, entered a judgment against Vandegrift & Brother for $9,033.62, and on June 15, 1884, issued a fi. fa. thereon and levied upon all the whisky in their bonded warehouse, including the whisky in controversy, and June 28 caused the same to be sold by the sheriff, purchasing the same at the sale.

July 28, 1884, L. H. Harris paid the government tax on fifteen barrels of the whisky, and the storage, and procured the delivery of the same to him by the government officer in charge of the warehouse; whereupon, the plaintiffs brought this action of trover and conversion to recover its value.

The court directed a verdict for the defendant, which plaintiffs, *inter alia,* assigned as error.

The only difference between the case above and No. 64 is that in No. 64 the whisky, twenty-five barrels, was sold by Horner direct to L. H. Harris on his order, to whom certificates were delivered similar to those in case No. 42.

*Brown & Lambie, H. M. Dougan,* and *C. H. McKee,* for plaintiffs in error.—Retention of possession is fraud in law wherever the subject of transfer is capable of delivery; and no honest and fair reason can be assigned for the vendor not giving up and the vendee taking possession. McKibbin v. Martin, 64 Pa. 356, 3 Am. Rep. 588.

In determining the kind of possession necessary to be given, regard must be had not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property. Crawford v. Davis, 99 Pa. 576; McClure v. Forney, 107 Pa. 414.

A distiller is not a warehouseman, within the meaning of the act of assembly of September 24, 1866 (Purdon's Digest, 145). He is no more a warehouseman than is any other manufacturer who keeps a warehouse at his place of business, and in which he stores his product exclusively. A warehouseman, as contemplated by the act of 1866, is a person who receives and stores goods as a business for compensation or profit. Bucher v. Com. 103 Pa. 528.

The second section of act of 1866 forbids the issuance of a receipt by such person until the goods embraced in it "shall have been actually received into store." When the whisky in controversy was made by J. H. Vandegrift & Brother and placed in bond, it was stored in the warehouses which the act of Congress (Rev. Stat. § 3271, U. S. Comp. Stat. 1901, p. 2122) required them to provide.

To perfect a sale, absolute or conditional, a change of possession must take place. If not an actual, there must be a constructive or symbolical delivery. In every case, every species of devestiture which can give the world notice must be resorted to. Chase v. Ralston, 30 Pa. 539.

The vendor's relation to the property as owner must be changed, and this consists in the transfer of his power and control over it to the vendee. Billingsley v. White, 59 Pa. 467.

There must be palpable proofs of the vendor's surrender of dominion over the property; it must be visible, or observable without inquiry. Creditors are not bound to inquire. It is sufficient if they carefully observe. Bump, Fraud. Conv. p. 140.

It is the duty of the purchaser to see to it that the appearances indicate his ownership and control. Id. p. 139.

If the property is so left that a careful observer would be at a loss to know who is at the head controlling, it won't do. Id. p. 142.

It will not do for the vendor to retain the ordinary *indicia* of ownership—such as will lead a person not in the secret to infer that there has been no actual change.

If the vendor appear to occupy the same relation to the property as before, the court must pronounce the sale fraudulent. McKibbin v. Martin, 64 Pa. 356, 3 Am. Rep. 588.

If the connection of the former owner with the property after the sale has the effect of rendering the possession of the vendee doubtful or ambiguous, it will avoid the sale. Billingsley v. White, 59 Pa. 467.

If doubtful, the law resolves the doubt against the party who should make the change of possession open and visible to the world. Bump, Fraud, Conv. p. 140.

If the former owner remains in connection with the property and the transfer is kept a secret, it will vitiate the transaction. Id. p. 142.

The only exception to the act of Congress requiring everyone who sells liquor to pay a special tax is found in Rev. Stat. § 3244, U. S. Comp. Stat. 1901, p. 2096. It provides that no special tax shall be held to accrue where goods have been levied on by any officer under process of any court. Rev. Stat. Supp. p. 430.

*Kennedy & Doty* and *D. D. Bruce,* for defendant in error.—Under the acts of Congress whisky in a United States bonded warehouse is in the possession of the United States. U. S. Rev. Stat. §§ 3271, 3273, 3274; U. S. Comp. Stat. 1901, pp. 2122, 2124.

While the distiller is not wholly excluded from the warehouse, he is not allowed access thereto except in the presence of the storekeeper, who carries the keys and has charge and control of

the warehouse. It is plain, therefore, that no actual delivery of the whisky was practicable. In principle the case comes within the following exception to the general rule requiring delivery of possession upon sale of personal property against execution creditors: that where the property is in the hands of a bailee at the time of the sale, no actual delivery is necessary if the vendor does not retake possession. Linton v. Butz, 7 Pa. 89, 47 Am. Dec. 501; Worman v. Kramer, 73 Pa. 386; Steele v. Miller, 16 Pa. L. J. 173.

PER CURIAM:

The whisky in controversy, being in a bonded warehouse, was properly delivered by Vandegrift & Brother, by their certificate or bill of sale, to Miller, Force, & Company, under and by virtue of which the defendant claims. It is well settled that where personal property is in the hands of a bailee, a transfer by bill of sale alone is good and valid even as against the creditors of the vendor.

Judgment affirmed.

Let a judgment of affirmance be also entered in the case between the same parties, No. 64, October and November Term.