# Trainer, Appellant, *v.* Saunders.

*Executions—Deposit box in trust company—Fi. fa.—Seizure of contents—Practice, C. P.*

1. Where a levy has been made by the sheriff under a fi. fa. on the contents of a safe deposit box rented, by defendant in the execution, from a trust company, and the company and defendant refuse to open the box, the court has no power to order defendant, under penalty of contempt, to open the box, and permit the sheriff to take into his possession the contents of the box belonging to defendant.

2. In such case, defendant, may, by appropriate proceedings, be compelled to disclose the contents of the box, and the trust company may be compelled to open it.

Argued March 28, 1921. Appeal, No. 442, Jan. T., 1921, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 6388, discharging rule on defendant to open safe deposit box in trust company, in case of Edward Trainer v. B. Bedell Saunders. Before Frazer, Walling, Simpson, Kephart and Sadler, JJ. Affirmed.

Rule on defendant to show cause why he should not be compelled to open a safe deposit box. Before Michael, P. J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was above order, quoting it.

*Henry A. Hoefler,* for appellant.—The only remedy which plaintiff has, under the circumstances, is an order on defendant to open the box and permit the sheriff to take possession of the contents thereof belonging to defendant: United States v. Graff, 67 Barbour (N. Y.) 304.

No argument or printed brief for appellee.

OPINION BY MR. JUSTICE SADLER, May 9, 1921:

An execution was issued against defendant, and a levy was made by the sheriff upon the contents of a deposit box rented by him, and held in the vault of the Columbia Avenue Trust Company. It refused to permit the sheriff to open the safe, and the court was asked to make an order directing that this be done. An answer was filed to the rule granted, in which the right of the officer to take possession was denied. A petition was then presented asking that the defendant in the execution be compelled to open the safe, and allow the sheriff to seize the contents under the outstanding levy. From the discharge of this rule, the present appeal was taken.

The contract with the trust company made it a bailee of the contents of the box: Reading Trust Co. v. Thompson, 254 Pa. 333; Pittsburgh Safe Deposit Co. v. Pollock, 85 Pa. 391; National Safe Deposit Co. v. Stead, 250 Ill. 584. It was a custodian for hire, and had no other interest than the receipt of the rent charged, which, in accordance with its rules, was paid in advance. One of the keys was in the possession of the defendant, but this could be used only in connection with the master key held by the company. It was liable for due care, and by its rules stipulated that no one but the renter, or his agent, should be allowed access, except in case of disability, death or insolvency.

The writ of fi. fa. permits the seizure and sale of personal property of a defendant "in any manner delivered or bailed." Act June 16, 1836, sec. 23. In this respect the proceeding is analogous to that begun by foreign attachment (Klett v. Craig, 1 W. N. C. 28), but differs from an attachment execution under section 35, which provides for the issuance of process against "a debt due to the defendant, or a deposit made by him, or goods or chattels pawned, pledged or demised." This distinction makes inapplicable here the rule enunciated in Gregg v. Hilson, 8 Phila. 91, a decision frequently cited in this and other jurisdictions as authority for the

proposition that the contents of a safe deposit box cannot be seized on execution process.

There is no legal reason why this may not be done on a writ of fi. fa., though the making of the levy becomes difficult. It is ordinarily the duty of the sheriff in executing his process either to take into his possession the article upon which he levies, or at least to have it in sight when he does so: Dixon v. White Sewing Machine Co., 128 Pa. 397. "It is enough that, having the property within his view, and where he can control it, he does profess to levy and to assume control of the property by virtue of the execution, and with the avowed purpose of holding the property to answer the exigencies of the writ": 2 Freeman on Executions 823. There are circumstances, however, under which the process will be sustained, though the property was not in view: Stuckert v. Keller, 105 Pa. 386. This has been held where the wrongful act of the defendant made it impossible (Trovillo v. Tilford, 6 Watts 468), or where other legal excuse appeared: Keil v. Harris, 1 Pa. C. C. R. 171, affirmed 4 Sadler 201.

In the present case, it appears that the sheriff was prevented from doing more than he did by the refusal of the company to permit access to the box. The mere fact that the property contained in the receptacle seized cannot be examined, does not withdraw it from the grasp of creditors, as has been held in other jurisdictions when the levy has been sustained on sealed packages or boxes where the contents were unknown (Adams v. Scott, 107 Mass. 165; Loyless v. Hodges Bros., 44 Ga. 647; Peller v. Stebbins, 26 Vt. 644), and upon safes which could not be opened: Smith v. Clark, 100 Iowa 605; Elliott v. Bowman, 11 Mo. App. 693; Dodson v. Wightman, 6 Kan. App. 835; Jones Lumber Co. v. Faris, 6 S. D. 112.

Necessary information as to the contents might have been obtained by bill of discovery under the Act of 1836, P. L. 755, secs. 9 to 18, or by supplementary proceedings under the Act of May 9, 1913, P. L. 197, but further

steps are required before the box is actually opened. The sheriff, under his writ, was directed to make the levy. It was his duty to seize the personal property of the defendant. He could not break open the dwelling house of the debtor in order that his process might be executed, but he could forcibly enter property not of that character. Even in case of defendant's home "when the officer is once inside, he may break open inner doors or trunks in order to come at the goods" (2 Troubat & Haly's Practice 1512); and he is justified in forcibly entering the house of another, after demand for admittance and refusal: 2 Troubat & Haly's Practice 1512; 17 R. C. L. 178; 17 Cyc. 1080. On like principle, the box held by the trust company may be opened, if refusal to permit such action on its part is made. It has no interest as bailee which is not fully protected where the property is taken by legal process: Act of June 13, 1874, P. L. 285, sec. 2. Rule 2 of the company, it will be observed, provides for the opening by the legal representatives of the renter in case of insolvency.

The exact proposition involved has not been the subject of discussion in Pennsylvania, except to the extent indicated in Gregg v. Hilson, supra, and Klett v. Craig, supra; but the right to possession of the box, under such circumstances, is generally upheld in other states, the question usually arising on orders to compel the trust company to open: U. S. v. Graff, 67 Barbour 304; Tillinghast v. Johnson, 34 R. I. 136; Trowbridge v. Spinning, 23 Wash. 48; Washington L. & T. Co. v. Susquehanna Coal Co., 26 App. D. C. 149; cf. DeBearn v. DeBearn, 81 Atl. (Md.) 223. The conclusions reached in these cases are well founded on reason, and to declare the same rule here violates no right of a defendant safeguarded either by statute or decision. Courts will not give sanction to a plan which will permit the obstruction of its legal process, and aid a debtor in withdrawing his assets from the reach of his creditors.

The sheriff can execute his writ, and levy upon the personal property owned by the defendant, of the character made subject to seizure under our statutes. If he is in doubt as to the title of the goods directed to be taken, he may refuse to act until indemnified against the consequences of a mistake: Spangler v. Com., 16 S. & R. 68; Dornin v. McCandless, 146 Pa. 344. Protection is likewise afforded him, if a claim of ownership be made by another, by the interpleader act: Act May 26, 1897, P. L. 95; Necker v. Sedgwick, 36 Pa. Superior Ct. 593. When the levy is made, reasonable opportunity should be given to the safe deposit company to assert any special rights which it may possess as bailee, but if there is a refusal to permit the opening of the box, without proper excuse, the right may, under the law, be enforced. Doubtless the aid of the court can be secured, upon proper showing, if there is wrongful resistance to the execution of a valid writ.

The present appeal, however, is based on a discharge of a rule to compel the defendant to open the safe. The court below was without power to so order, though by appropriate proceedings defendant could have been compelled to disclose the contents. Its action, here complained of, was proper, and the assignment of error based thereon is overruled.

The judgment is affirmed.