## Laymen v. Colonial Trust Company.

*Pleading and practice — Procedure — Garnishee — Trust company — Safe deposit box—Execution—Power of court to compel inventory of contents of safe deposit box.*

Exceptions to the answer of a garnishee were dismissed where it appeared that plaintiff had recovered judgment against defendant and summoned a trust company as garnishee from which defendant had leased a safe deposit box, the garnishee admitting the leasing of the box, but denying knowledge of the contents; there being no execution, the court was without authority to order the box opened and an inventory of the contents filed.

Foreign attachment. Exceptions to answers, etc. C. P. Allegheny Co., Oct. T., 1922, No. 1951.

Before Shafer, P. J., Haymaker and Carpenter, JJ.

*Owen S. Cecil*, for plaintiff.

*Patterson, Crawford, Miller & Arensberg*, for defendant.

CARPENTER, J., May 12, 1923.—Plaintiff having recovered judgment against the defendants entered a rule on the Colonial Trust Company, garnishee, to answer interrogatories.

The fifth interrogatory, the answer thereto, and the exception to the answer, present the question now before the court.

"Fifth interrogatory. State whether or not the defendants, or either of them, were the lessees from you, or otherwise had in any manner any interest therein of a safe deposit box in the vaults of your company, and if yea, state whether or not you have access to said safe deposit box, either with or without the consent of the defendants or either of them? Give particularly the contents of said safe deposit box, if any you have, as aforesaid?

"Answer. Fifth. In answer to the fifth interrogatory, the garnishee says that at the time of the service of the writ in this case upon it the defendants were lessees, and have continued to be lessees, of safe deposit box No. 1341 in the garnishee's vault; that the garnishee does not have access to said safe deposit box, the lock of the same being such that it cannot be opened except by the joint operation of the key held by the garnishee and the key held by the said lessees; that the said safe deposit box has not been opened since the

date of the service of the writ in this case upon the garnishee, and that the garnishee has no knowledge, and has never had any knowledge, of the contents of the said safe deposit box, and has no means of securing such knowledge without the consent of the defendants and the production by them of their key to said box.

"Exception. Garnishee should be required by order of this court to open safe deposit box leased to defendants and file as part of their answer an inventory of contents thereof, if any."

The answer is as full and complete as could be made. The garnishee was asked whether the defendants, or either of them, were the lessees or had in any manner any interest in a safe deposit box in the garnishee's vaults, and, if so, whether it had access to said box. This interrogatory was followed by a request or command to "give particularly the contents of said safe deposit box, if any you have, as aforesaid."

Plaintiff's counsel has not cited, nor have we discovered, any case holding that it is the duty of a garnishee, in the circumstances here detailed, to break the lock or otherwise by force gain access to a leased box for the purpose of discovering its contents. Moreover, the rights of plaintiff in the premises cannot be adjudicated on exceptions to answers. The interrogatory (fifth) was answered and the garnishee made no attempt to withhold information. The answer was: "The defendants were lessees, and have continued to be lessees, of safe deposit box No. 1341 in the garnishee's vault, . . . the garnishee does not have access to said safe deposit box, the lock of the same being such that it cannot be opened except by the joint operation of the key held by the garnishee and the key held by the said lessees." The answer further states that the garnishee has no knowledge, and never had any knowledge, of the contents of the box.

Raymond *v.* Leishman, at April Term, 1913, No. 1238, in this court, cited and relied upon by plaintiff's counsel, was a foreign attachment in which Mellon National Bank and the Union Trust Company were garnishees. Judgment was entered against defendant. In answer to one interrogatory, the bank said it had in its possession a tin box fastened by combination lock, but had no knowledge concerning the contents. The Union Trust Company, in answer to an interrogatory, said the defendant was lessee of a safe deposit box, but disclaimed any knowledge of its contents.

Plaintiff did not file exceptions to the answers, but filed two petitions, in one of which it prayed for an order directing the bank to deliver, *inter alia,* the tin box to the sheriff, and the other prayed that an order be made requiring the trust company to deliver the contents of the safe deposit box to the sheriff. The declared purpose in both instances was to sell the personal property on execution. Rules to show cause were granted.

Opinions were filed by Judge Evans, in which he said he entertained no doubt concerning plaintiff's right to have execution of the contents of the boxes, but called attention to the fact that executions had not been issued, and for that reason the rules were discharged.

In the pending action we do not have a petition, nor has an execution been issued, and, as above stated, we are unaware of any act of assembly or any decision authorizing the court to order that the safe deposit box be opened for the purpose suggested in plaintiff's exception to answer. The opinion filed by Judge Evans in the Leishman case points out clearly the course to be pursued. See, also, opinion by Mr. Justice Sadler in Trainer *v.* Saunders, 270 Pa. 451.

Exceptions dismissed.

From Edwin L. Mattern, Pittsburgh, Pa.