# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 700
### LEE v. MARION (City) et al

Ohio Appeals, 3d District, Marion County
No. 609. Decided May 22, 1923

This opinion has not been published except in Abstract.

#### 82. CHARGE TO JURY.

As jury might not have otherwise understood, failure of court to give special requested written instructions, is error.

CROW, J.

Epitomized Opinion

This was an appropriation proceedings brought by the City of Marion to condemn certain lands for the construction of a sewer. The appropriation is in these words, "an easement and a perpetual right of way through, under and across, for the laying and construction, maintenance and repair of a sanitary trunk sewer." The jury assessed the damages at a certain amount, whereupon the defendant prosecuted error, claiming that the court erred in refusing to give certain written instructions before argument. No. 6 Instructions provided that the jury should also consider the damages which might reasonably result to the land not taken in any manner. In reversing the judgment of the lower court, the Court of Appeals held:

1. As the jury might not have understood the intent to which the lands were taken as well as the damages which might reasonably result to the land not taken in any manner, the court committed prejudicial error in failing to give the defendant's written request covering this point.

Attorneys—John H. Gartram, for Lee; George T. Goran, J. H. Eymon, H. E. Hill, for City of Marion.

### No. 701
### LEUTHOLD v. ALBRIGHT

Ohio Appeals, Third District, Crawford County
Nt. 661. Decided Feb. 15, 1923

This opinion has not been published except in Abstract.

#### 107. CONTRACTS.

Rescission of—Evidence must be clear and convincing to set aside contract for fraud; mental incapacity or undue influence—Disposal of both equitable and legal issues in same case.

CROW, J.

Epitomized Opinion

Leuthold sued Albright on a written contract providing for payment of compensation for services as attorney in obtaining for Albright an interest in property in expectancy. Albright alleged that Leuthold was guilty of fraud and undue influence and she alleged mental incapacity on her part. At the trial, although neither party demanded a jury, one was impaneled and the case was tried as though triable to a jury. The court charged the jury that if Albright had proved by a preponderance of the evidence the allegations of mental incapacity, fraud

or undue influence a verdict for Albright should be found. The jury returned a verdict for defendant and the court entered judgment on the verdict. In reversing the judgment, the Court of Appeals held

1. It is settled beyond discussion that in order to set aside a contract the evidence must be clear and convincing and it was therefore error for the court to charge "if defendant has proved by a preponderance of the evidence the allegations of mental incapacity, fraud or undue influence, a verdict should be rendered for defendant."

2. Where an equitable defense has been pleaded to an action at law such equitable issue should be first disposed of as in a court of equity after which, if an issue at law remains, it is triable to a jury, 66 OS. 360, 366. It is the right of the court to submit to a jury any or all of the facts for determination, which determination however is merely advisory to the court, which may adopt or disregard the jury's conclusion, but in this case the court did not adjudicate the equitable issue.

Attorneys—B. Meck, for Leuthold; Gallinger & McCarron and J. W. Miller, for Albright.

### No 702
### EVERETT and SULLIVAN v. FARMERS BANK CO.

Ohio Appeals 3d District, Crawford County
No. 660, Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

#### 110. CONVERSION.

Measure of damages—Bonds stolen from alleged bailee—Evidence establishes bank as bailee.

HUGHES, J.

Epitomized Opinion

This is an action for conversion. The opinion does not give the facts giving rise to the alleged conversion. It seems that bonds were stolen from the bank as alleged bailee. Reversal is asked on the ground that the evidence does not establish a relationship of bailee and bailor, that recovery should have been limited to the interest of the bailee and the property converted, and that only heresay evidence established the amount of the bonds stolen from the bank. In reversing the judgment the Court of Appeals held:

1. It was prejudicial error to allow proof of the amount of the bonds stolen by hearsay evidence entirely.

2. A bailee may re over the full value of property converted. For the conversion of money securities such as bonds, notes, etc., the owner is prima facie entitled to their face value. Either party may show the actual market value to increase or decrease the damages.

3. The evidence establishes the bank as bailee under the decisions of 113 Atl. 681; 190 Pac. 946, and 95 N. E. 973.

Attorneys—C. Gallinger, for Everett and Sullivan; D. M. Bailey, B. Meck, C. A. Meck, for Farmers Bank Co.