## Arthur Framheim, Appellee, v. Davis Miller, on appeal of Chicago City Bank & Trust Company, Garnishee, Appellant.

### Gen. No. 30,726.

1. GARNISHMENT—*when garnishee not liable for contempt nor subject to judgment because of refusal or neglect to turn over property.* No authority is given the court by Cahill's St. ch. 62, ¶ 25, to punish a garnishee as for a contempt, or to enter up a judgment against a garnishee, because of the garnishee's refusal or neglect to turn over property of the defendant when required to do so by the court, unless it appears that the garnishee has in its possession property belonging to the defendant.

2. GARNISHMENT—*when judgment cannot be entered against garnishee bank under statute.* When all that appeared was that defendant had rented a safety deposit box from the garnishee bank and there was no evidence that defendant had any property in such box, held that judgment could not be entered against the bank under Cahill's St. ch. 62, ¶ 25.

3. SAFE DEPOSITS—*relation between person renting safety deposit box and bank.* The relation between a person renting a safety deposit box from a bank and such bank is that of bailor and bailee, the bank being a bailee for hire.

Appeal by defendant from the Municipal Court of Chicago; the Hons. CHARLES F. McKINLEY and ASA G. ADAMS, Judges, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed June 23, 1926.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On June 23, 1924, plaintiff had a judgment entered by confession on a promissory note for $2,135 against the defendant. An execution was issued on the judg-

ment and returned no part satisfied. Afterwards plaintiff filed an affidavit for garnishee summons and the Chicago City Bank and Trust Company was served as garnishee. Plaintiff filed interrogatories which were answered by the garnishee, the answer showing that the garnishee had no property of any kind belonging to the defendant, Miller. The answer further showed that the defendant, Miller, had rented from the garnishee a safety deposit box, but that the garnishee had no means of knowing what property, if any, was in the box.

On January 6, 1925, the court entered an order which recited that the matter came on to be heard upon motion of the plaintiff for an order on the garnishee, to cause the safety deposit box rented by the defendant, Miller, to be opened, and that the garnishee then make answer as to the contents of the box. And it was ordered that the garnishee open the box, or cause it to be opened within 10 days, and that the garnishee answer as to the contents of the box. The record then discloses that the garnishee moved to vacate the order of January 6 and the record states that "the court being fully advised in the premises, withdraws said motion." Afterwards on February 7, an order was entered striking the answer of the garnishee from the files, and leave was given the garnishee to file an amended answer within 10 days. The amended answer was filed to the effect that the garnishee had rented to the defendant, Miller, a safety deposit box of which it had given Miller a key and retained the other key; that it required both keys to open the box; that they had no right to open the box without the consent of Miller. The answer of the garnishee was filed February 18, 1925, and the record shows that on the sixth of the following April, judgment was entered against the garnishee on its answer. The next day an order was entered vacating this judgment and on May 16, 1925, the plaintiff moved

the court to strike the garnishee's answer for in-
sufficiency. The motion was overruled. The gar-
nishee then moved to be discharged and the matter
was continued to May 23, 1925. Nothing appears
to have been done until on June 6, 1925, when
plaintiff moved the court to default the garnishee
"for failure to answer interrogatory No. 7," but the
motion was denied. Thereupon the plaintiff moved
the court for an order defaulting the garnishee "for
failure to answer the draft order of January 6,"
which motion was overruled. Another order appears
which recites that the court, having read the petition
of the plaintiff filed in support of its motion for a rule
on the garnishee and others to show cause why the
garnishee and others should not be punished for con-
tempt of court, it was ordered that the garnishee show
cause within five days why it should not be punished
for failure to open the safety deposit box. There
then appears in the common law record a petition of
plaintiff and the answer of the garnishee, and on July
23, 1925, there appears in the record what is desig-
nated a draft order which recites that the cause came
on for further proceedings and it appearing to the
court that the garnishee had refused and failed to
comply with the order entered on January 6, 1925, it
was ordered that judgment be entered against the
garnishee in favor of Miller for use of plaintiff in
the sum of $2,135 and costs. Apparently it is from
this order that the appeal is prosecuted.

Although it appears from the foregoing that the
record is somewhat confused, yet it is clear that judg-
ment was entered against the garnishee for its failure
to open the safety deposit box as theretofore ordered
by the court. Apparently the court based its author-
ity for entering the judgment on the provisions of
Cahill's St. ch. 62, ¶ 25. By that paragraph it is
provided: "If any garnishee refuses or neglects to
deliver any goods, chattels, choses in action or effects

in his hands when thereto lawfully required by the court or justice of the peace or officer having an execution upon which the same may be received, he shall, if the proceeding be in a court of record, be liable to be attached and punished as for a contempt, or the court may enter up judgment for the amount of the plaintiff's judgment, and award execution thereon against the garnishee; or, if the proceeding be before a justice of the peace, be liable to the plaintiff for the full amount of his judgment against the defendant, and judgment may be entered against him therefor." That paragraph provides that if the garnishee refuses to deliver "any goods, chattels, choses in action or effects in his hands," when required to do so by the court, or where he refuses to deliver any such property in his possession belonging to the defendant to the officer having an execution, he may be attached and punished as for a contempt of court, or the court "may enter up judgment for the amount of plaintiff's judgment, and award execution thereon against the garnishee." This paragraph authorizes the court to punish the garnishee for contempt, or to enter judgment against the garnishee in case the garnishee refuses to turn over property in its possession to the defendant, and it is manifest that no authority is given the court under this paragraph to punish as for a contempt or to enter up a judgment, unless it appears that the garnishee has property in its possession belonging to the defendant. And in the instant case there is no evidence in the record to show that the garnishee had any property in its possession belonging to the defendant, because all that appears is that the defendant had rented a safety deposit box from the garnishee, but there is no evidence to show that the defendant had any property in the box at the time in question, and before this could be made to appear, the box would have to be opened.

The relation between the defendant and the gar-

nishee was that of bailor and bailee, the garnishee being a bailee for hire. *National Safe Deposit Co. v. Stead*, 250 Ill. 584; *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43. Whether in the instant case the court had authority to order the garnishee to open the box, and in case it failed to do so, punish it as for a contempt, we do not decide, as the question is not properly before us. But it has been held in other jurisdictions, in proceedings somewhat similar to the one at bar, that the garnishee may be compelled, by order of court, to open a safety deposit box. *West Cache Sugar Co. v. Hendrickson*, 56 Utah 327, 190 Pac. 946, 11 A. L. R. 216; *Trainer v. Saunders*, 270 Pa. 451, 19 A. L. R. 861.

There being no warrant in the law for the entry of the judgment against the garnishee, the judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

THOMSON, J., and TAYLOR, P. J., concur.