## Stambach's Estate.

*Decedents' estates—Foreign executors—Right to possession of securities in safe deposit-box—Acts of June 7, 1917, and April 27, 1927.*

1. Under the Act of June 7, 1917, § 58 (c), P. L. 447, as amended by the Act of April 27, 1927, P. L. 427, a foreign executor can only demand from a trust company in Pennsylvania such securities in a safe deposit-box as are specifically enumerated in the statutes.

2. Assets not enumerated in the acts can only be taken over by an ancillary legal representative duly appointed in Pennsylvania.

3. The purpose of the statute is to protect Pennsylvania creditors.

Petition for order to deliver securities contained in a safe deposit-box. O. C. Phila. Co.; April T., 1928, No. 1019.

*John H. Hutchinson,* for petitioner.

*R. M. Remick* (of *Saul, Ewing, Remick & Saul*), for respondent.

STEARNE, J., June 1, 1928.—The decedent, a resident of the State of New Jersey, was possessed of mortgages on Philadelphia real estate, shares of stock in Pennsylvania and foreign corporations, liberty bonds, and bonds of Pennsylvania and foreign corporations. These securities were kept in her safe deposit-box in the vault of a Philadelphia trust company. Her executor, duly qualified under the laws of New Jersey, complied with section 58 *(c)* of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of April 27, 1927, P. L. 427, and made demand upon the trust company for the delivery of the contents of the safe deposit-box.

By petition and answer, an issue was squarely raised whether such foreign fiduciary, under the above facts, is entitled to remove from this jurisdiction assets other than those enumerated in the acts.

We are relieved from a decision as to whether a foreign fiduciary, initially, has any right to access to a safe deposit-box within this jurisdiction because the respondent has voluntarily taken the responsibility of affording such access.

Briefly stated, section 58 *(a)* of the Fiduciaries Act of 1917, as amended, prohibits a foreign fiduciary from intermeddling with assets of decedents within this jurisdiction. Under *(c)* of section 58, as amended, it authorizes such foreign fiduciary, upon the filing of an affidavit as to no debts due resident creditors, to remove certain designated securities.

Section 58 *(a)* of the Fiduciaries Act, according to the notes of the commissioners, was founded on part of section 6 of the Act of March 15, 1832, 1 Purdon, 1074. The provision in the Act of 1832 was new, and arose by reason of the suggestion contained in the opinion in McCullough *v.* Young, 1 Binney, 63.

The sound reasoning for such provision in the act is found in the opinion of Sharswood, J., in Com. *v.* Ware, 6 Phila. 258, and also in Shinn's Estate, 166 Pa. 121. The state of the law preceding the passage of the Act of 1832, and the remedy the act intended to supply, is fully discussed in these cases. The obvious intent of the statute is the protection of the creditors of the decedent within this jurisdiction. It is "to save him the hardship and expense of going into a foreign jurisdiction to collect his debt out of assets removed from his own state to the foreign jurisdiction:" Viosca's Estate, 197 Pa. 280.

Numerous cases have been cited by counsel upon the question as to what personal property is or is not construed as an asset of the estate of a foreign decedent within this jurisdiction. An enumeration and analysis of such cases is not necessary to the present decision.

Stambach's Estate.

In Shakespeare v. Fidelity Trust Co., 97 Pa. 173, the Supreme Court, in deciding, under the peculiar facts of that case, that the bonds were no part of the estate of the decedent within this Commonwealth, said by way of analogy (page 178): "It was as if the bonds had been placed in a fire-proof of the defendants of which the decedent possessed the key." The comparison is not to-day accurate, as the renter of a safe deposit-box has a key and so does the bank, and it is only by the use of both keys that a box may be opened. See Trainer v. Saunders, 270 Pa. 451. The relation of the bank is that of bailee for hire, and it is, therefore, in possession. Aside from this, the Fiduciaries Act of 1917 and its supplements superseded any prior decision.

While the provisions of the statutes may seem illogical, and in certain instances are obviously quite perilous, yet this is for remedy by the legislature and not by the courts. We feel, as was said by our Supreme Court in Viosca's Estate, supra (page 290), that it is every way fairer and more promotive of orderly judicial administration to adhere strictly to the letter and spirit of our statute.

We are, therefore, of opinion that a foreign fiduciary, upon compliance with section 58 (c) of the Fiduciaries Act of 1917, as amended by the Act of April 27, 1927, P. L. 427, is only entitled, in this jurisdiction, to the possession of such assets as are specifically enumerated in the statutes.

Counsel will prepare a decree in conformity with this opinion.

Van Dusen, J., did not sit.