## The Agnes Irwin School v. Turnbull.

*MacCoy, Evans, Hutchinson & Lewis,* for plaintiff.

*J. McMullan,* for defendant.

BLUETT, J., May 31, 1929.—The sheriff in the execution of a writ of *fieri facias* has been directed to levy upon the contents of a safe-deposit box rented by the defendant from the Corn Exchange National Bank. Naturally, the sheriff, not having access to the deposit box, could not seize its contents, nor could he compel the defendant or the bank to turn over the contents to him. In this situation, the plaintiff has taken a rule upon the defendant, the Corn Exchange National Bank, and the sheriff to show cause why the sheriff should not open the box, take physical possession of the contents and dispose of the same under the execution.

Usually safe-deposit boxes are held under lease agreement, the renter having the right to use the same under joint control as to accessibility. As between the lessor and lessee, the former has no right or privilege to permit others to open the box and remove the contents. Almost a similar situation occurred in the case of Trainer *v.* Saunders, 270 Pa. 451. There a rule was entered against the defendant to compel him to open the safety box. The court decided that there was no authority to compel the defendant to give access to the sheriff in the furtherance of the execution. In its well considered opinion, the court, however, reviewed the law from every angle and concluded:

*(a)* That the trust company was a bailee of the contents of the box.

*(b)* That, under the Act of June 16, 1836, § 23, P. L. 755, 776, the contents of the box were subject to seizure under a writ of *fieri facias.*

*(c)* That the contents of the box were subject to levy even though they were not in physical view of the sheriff.

*(d)* That "necessary information as to the contents might have been obtained by bill of discovery under the Act of [June 16] 1836, §§ 9 and 18, P. L. 755, or by supplementary proceedings under the Act of May 9, 1913, P. L. 197, but further steps are required before the box is actually opened."

*(e)* When the levy is made, reasonable opportunity should be given to the safe deposit company to assert any special right which it may possess as bailee, but if there is a refusal to permit the opening of the box without proper excuse, the right may, under the law, be enforced.

*(f)* "The box held by the trust company may be opened, if refusal to permit such action on its part is made."

*(g)* The aid of the court can be secured, upon proper showing, if there is wrongful resistance to the execution of a valid writ.

*(h)* The interest of the bailee is protected by the Act of June 13, 1874, § 2, P. L. 285.

The decision clearly intimates that upon a proper showing the court has the power to direct the opening of the box.

While the court indicated in the above case that the contents of the box were subject to seizure under a writ of *fieri facias*, it undoubtedly holds that whenever an examination is refused a writ may, under the law, be enforced. As there was a *fieri facias* issued in the present case and a refusal by the bank to allow an examination, this would seem to be a "wrongful resistance to the execution of a valid writ." A rule to show cause why the examination of the box should not be made, therefore, would seem to be the proper method in this case for procuring an order of examination.

See, also, United States *v.* Graff, 67 Barbour, 304, and Tillinghast *v.* Johnson, 34 R. I. 136, wherein the reviewing court approved the action of the lower court in directing the safety boxes to be opened. Rule absolute.