## The Wayne Title & Trust Co. v. Mellett

*Welles, Mumford, Stark & McGrath*, for plaintiff.
*Ralph L. Levy*, for defendant.

LEACH, P. J., March 3, 1937.—The sheriff having made a return of nulla bona, plaintiff asked leave for examina-

tion of the judgment debtor under the provisions of the Act of May 9, 1913, P. L. 197. The act provides:

"Section 1. Be it enacted, &c., That in any case in which a final judgment has been or may hereafter be recovered in any court of record in this Commonwealth, upon which an execution has been issued, and a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution, upon petition of the plaintiff, under oath, setting forth that he believes the defendant has property which should be applied towards the payment of such judgment, the court shall enter an order to the same number and term requiring the judgment debtor to attend, and be examined orally, after being duly sworn or affirmed true answers to make concerning his property, before the court, at such time and place as the court may appoint. The attendance of the debtor for the purposes of such examination may be enforced by said court by subpœna and attachment, as in the case of other witnesses.

"Section 2. The judgment debtor may be compelled, in the same manner as other witnesses in judicial proceedings, to answer all pertinent questions addressed to him at such examination concerning his property; and he shall not be prosecuted, or subjected to any penalty or forfeiture, for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, before said court, except for perjury in giving such testimony."

Defendant moved to dismiss the petition on the ground that the return by the sheriff was merely that of nulla bona. That such return is not "to the effect that property cannot be found sufficient to satisfy the said judgment and execution". Further, defendant moves to quash the writ of subpœna duces tecum on the ground that defendant can only be examined orally.

We believe that both motions should be denied. The only case in the appellate court is that of Trainer v.

Saunders, 270 Pa. 451, in which it was suggested in passing that an examination under this act would be proper to reach the contents of a safety deposit vault in a bank. The opinion suggests that it would be proper to bring the said contents before the court although it does not definitely say so.

Several lower court decisions have held that a return of nulla bona is all that is required for an examination. In fact "nulla bona" is the only one that is customary for sheriffs to make, and it is undoubtedly the return to which the framers of the act had reference when they provided "a return made by the sheriff of the proper county to the effect that property cannot be found sufficient to satisfy the said judgment and execution". The sheriff would not be expected to pass upon a defendant's legal title to real estate.

The examination is to be conducted before the court and defendant's contention that such examination must be an oral one and that plaintiff may not have access to defendant's papers may be correct. However, defendant should not be in a position where he might say that his only knowledge of certain things is contained in documents which he has not brought with him.

March 3, 1937, motion to dismiss is discharged.