## McCabe's Estate

*Fox & McTighe* and *T. Lane Bean*, for petitioners.

*Dennis A. O'Neill*, for Dolores E. McCabe, and p. p. for himself as respondent.

*Aaron S. Swartz, Jr.*, for Montgomery Trust Company, respondent.

HOLLAND, P. J., March 17, 1937.—Norristown-Penn Trust Company and Montgomery National Bank filed their petition with the Register of Wills of Montgomery County alleging the existence of a testamentary writing of decedent in safe deposit box no. 660 in the vaults of Montgomery Trust Company, the keys to which box were in the possession or control of Dolores E. McCabe and Dennis A. O'Neill, alleging that petitioners are executors named in the will, and praying that a citation be issued, directed to Montgomery Trust Company, Dolores E. McCabe, and Dennis A. O'Neill, requiring them to produce the testamentary writing and deposit it in the register's office for probate.

A citation was directed to each of said respondents on January 14, 1937, and served on each of them personally the same day, together with a copy of the petition.

Within 15 days from the service of the citation each of the respondents filed an answer with the register in which each of them admitted certain facts in the petition and averred other facts, Montgomery Trust Company submitting itself to the order of the register and the other two respondents praying that the petition be dismissed and petitioners ordered to sign a petition for letters testamentary.

On February 15, 1937, the register certified the record of the proceeding to the orphans' court of this county. On the same day, Norristown-Penn Trust Company and Montgomery National Bank filed a petition in the orphans' court containing about the same averments as the origi-

nal petition in the register's office, and other averments as to the stages of the proceeding up to that time, the failure of respondents to produce and deposit the will, and praying for a rule upon respondents to show cause why an attachment should not issue against them for contempt in failing to comply with the citation of the register of wills. The rule was granted, returnable February 23, 1937. The rule was personally served upon each respondent on February 17, 1937.

On February 23, 1937, Dolores E. McCabe and Dennis A. O'Neill filed their answer in the orphans' court, Montgomery Trust Company having filed its answer in said court on February 20, 1937. Each answer admits certain of the averments and makes new averments, these answers containing about the same substance as the respective respondents' answers to the petition filed with the register.

A hearing was had on the petition and answers on February 24, 1937.

### Jurisdiction

It is admitted that Thomas J. McCabe died a resident of Norristown, Montgomery County; therefore the register of wills of this county has jurisdiction of the probate of his will and granting letters testamentary thereon, and this court has jurisdiction of the administration of his estate. Both the Register of Wills of Montgomery County and this court have jurisdiction of this particular proceeding.

### Procedure

The proceeding is conceived under section 8 of the Register of Wills Act of June 7, 1917, P. L. 415. The order of procedure seems to be, first, a petition to the register for a citation directed to the person or persons alleged in the petition to have the possession or control of the alleged will; next, the register issues the citation. It requires the person served to produce and deposit the same in the register's office for probate. It must be served personally.

At this point one of three events may occur within 15 days from the date of personal service. Respondent may produce the testamentary writing and deposit the same in the register's office for probate; he may file an answer to the petition and citation denying that he has the possession or control of it; he may not file an answer and ignore the citation, in which latter case, we take it, the allegations in the petition stand undenied.

If an answer is filed, it is the duty of the register forthwith to certify the record of the proceeding to the orphans' court of the county, which court hears the case on the petition and answer so certified with the record to the court: Brown's Estate, 16 Berks 192.

"It will be observed that there is no provision in the act for the taking of testimony by the Register to try the question as to whether a will was made or whether the parties cited had it in their possession or control. And yet, where an answer has been filed denying knowledge of or possession of the supposed testamentary writing, the party making the denial and controverting the allegations of the petition, is entitled to be heard, and the merits of the issue ought to be determined before an attachment is awarded": Brown's Estate, supra.

It might be further observed that there is no provision in the act for the register's making any order or decree other than such as might be included in the citation issued by him. It necessarily follows, therefore, that if an answer is filed by respondent denying the existence of, or the possession or control of, the testamentary writing, and as above indicated the only tribunal that can try those issues is the proper orphans' court, the first and only decree in such a controverted case can only be made, after hearing, by such orphans' court.

The hearing in this case was had on the petition for a rule to show cause why an attachment should not issue against respondents and their answers thereto. Respondents O'Neill and McCabe argue that this was premature, and, strictly speaking, we are inclined to hold that they

are right in this contention. The hearing should have been upon the petition for citation and answers thereto, originating before and filed with the register and duly certified to this court. It makes no material difference, however, as affecting the rights and responsibilities of respondents, because, as above pointed out, the averments in the respective petitions and the admissions, denials, and averments in the respective answers are substantially the same. Furthermore, the controlling facts, as will hereinafter develop, are admitted on the whole record by all parties concerned. We have only, therefore, to make a formal finding of those admitted facts and make the appropriate decree.

### Statement of questions involved

The questions involved are: (1) Does the testamentary writing alleged to be the last will and testament of decedent actually exist? (2) If so, where is it located? (3) If it exists and its location is ascertained, what person or persons has or have the possession or control of it?

Respondents O'Neill and McCabe have interposed the question as to whether one of the petitioners, alleged to be one of the executors named in the testamentary writing and a testamentary trustee thereunder, can choose as its counsel a certain attorney or firm of attorneys at law, over the objection of parties interested under the terms of the testamentary writing. We hold that neither this nor any other question or questions, other than those above enumerated, can be involved: See Foster's Estate, 78 Pitts. 248, 44 York 34.

### Findings of fact

Decedent in his lifetime, on February 16, 1932, rented safe deposit box no. 660 of Montgomery Trust Company, Norristown, this county. The box is typical of such as are let by institutions doing a similar business. In its banking building located in Norristown, this company has set apart and enclosed a space wherein a heavy steel frame

or structure is attached to the floor by its own weight and other mechanical devices. It is divided into compartments or apertures having a single opening giving out upon one of its surfaces. Into each of these compartments snugly fits a steel container. A horizontal swinging steel door is hung at the single opening of the compartment, and may be opened to admit access or closed to prevent access. This door has two locks, both of which must be operated to unlock it. The key to one is retained by the company and the key or keys of the other is retained by the customer renting it. It follows, therefore, that to gain access a representative of the company and the person renting the box, or his authorized agent, must use their respective keys, constituting a joint transaction. The purpose of this arrangement is apparent. It is that the company and the renter of the box may have the security that no one gains access but the renter or his authorized agent, a record of the identity of whom and the time of entry is kept by the company.

On January 6, 1936, decedent deputized or authorized his daughter-in-law, Dolores E. McCabe, one of the respondents, to have access to the box. This authority ceased with the death of decedent January 1, 1937. At the death of decedent, Dolores E. McCabe had the possession of the key or keys which had originally been delivered to decedent by the company, which were the only ones that would unlock the box in coöperation with the one retained by the company.

On January 2, 1937, Henry I. Fox, Esq., a member of the bar of this court, and Dolores E. McCabe, she taking the key with her, went to the company's banking building and they, and a vice president of the company, William Wilson, being present, the key, together with that of the company, was applied to the respective locks, and the box opened. A paper writing was removed from the box and examined by Mr. Fox and Mrs. McCabe. It proved to be a will of decedent which Mr. Fox recognized as one he had drawn for decedent some time in 1934. It was executed

by decedent and is his last will as far as known. The executors named therein are Norristown-Penn Trust Company and Montgomery National Bank of Norristown.

After this examination, the will was returned to the box and the box locked. The will is still locked up in the box. Subsequently the key or keys were delivered by Dolores E. McCabe to her counsel Dennis A. O'Neill, Esq., a member of the bar of this court and a respondent, who still retains possession of them.

### Discussion

Referring to the three questions involved, as above stated, the first two are disposed of by our finding of fact that the will does exist and it is locked up in box no. 660 at Montgomery Trust Company, Norristown, this county. This leaves the third question, as to who has the possession or control of it.

The respondent O'Neill has the physical possession of the keys to the box, but, inasmuch as he is the counsel for respondent McCabe, and derived that possession from her, it is altogether likely that he would deliver the keys to her if she demanded it. It might be argued, therefore, that they have the joint possession of the keys. On the other hand, he might, for reasons of his own, refuse to deliver them to her. As the case stands, we must regard O'Neill only as having the possession of the keys.

This disposes of the case as to Dolores E. McCabe. Obviously she has not the possession of the will, and, as to control, she has neither the right of access nor the means of access to the box. We therefore conclude she has not the control of the will. Both petitions must be dismissed as to her.

The same conclusion is inevitable as to Dennis A. O'Neill, Esq. Equally obviously he has not the possession of the will. As to control, he has the means of access to the box, but he has no right of access and therefore cannot employ those means. His accidental possession of the keys gives him no right of access any more than if he had found

them in the street, even though he obtained them from one who at one time had the right of access. Both petitions must be dismissed as to him.

Montgomery Trust Company has no right of access. At this point we should observe that no person or persons in the whole world at present have the right of access to this box. The persons who will next have the right of access will be the executors named in the will. But even they will not have such right until the will is probated and letters testamentary granted them. There is, however, this distinction between the company and every other person in the whole world. Though the company has no right of access to the box, it has not only the right but the duty to defend against any attempt at access by another and prevent access by any other person. This right and duty, we hold, is the decisive factor as to control. Certainly, it may be said that one who has the power to prevent any other from affecting the condition of an object by removal or otherwise has the control of that object. We are, therefore, of the opinion that the company has the control of this will.

The cases have gone so far as to hold that a company letting safe deposit boxes, as in this case, is a bailee of the contents: See Trainer v. Saunders, 270 Pa. 451, and cases therein cited; also The Agnes Irwin School v. Turnbull, 12 D. & C. 422. Certainly it has never been doubted that the bailee in a bailment has possession. But aside from this approach to the question of possession, the section of the act with which we are dealing is not concerned with the right of possession; it is concerned primarily with the actual physical possession. Who has the actual physical possession of this will? Montgomery Trust Company has possession of its banking building, within which is the above-described steel structure, within which is the box, within which is the will. As a matter of physics it is impossible to possess a structure which is sealed or locked up without possessing its contents. We therefore conclude

that Montgomery Trust Company has exclusive possession as well as control of the will.

## Conclusions of law

1. Montgomery Trust Company has the possession and control of the testamentary writing alleged to be the last will and testament of Thomas J. McCabe, deceased.

2. It must be required by decree of this court to produce and deposit it in the office of the Register of Wills of Montgomery County for probate.

## Decree

And now, March 17, 1937, the petitions are dismissed as to respondents Dolores E. McCabe and Dennis A. O'Neill, Esq.; and it is ordered and decreed that Montgomery Trust Company of Norristown, by its proper officers, open safe deposit box no. 660 in the vaults located in its banking building in Norristown, this county, by such means as it may find necessary, either by force, destruction or demolition, or by artifice, or by causing to be fashioned a key or keys that will unlock said box, or otherwise; and thereupon it is further ordered and decreed, by its proper officers, to search among the contents of said box for all testamentary writings of the late Thomas J. McCabe, deceased; and it is further ordered and decreed, by its proper officers, to remove such will or testamentary writing or writings of said decedent as it may find therein and produce and deposit the same in the office of the Register of Wills of Montgomery County for probate, in the meantime preserving and keeping safe, as well as may be, the other contents of said box until the same may be delivered to the person or persons duly qualified and by law entitled to the possession thereof; the costs of this proceeding and all expenses incident to the compliance with this decree to be paid out of the estate of said decedent.