## United States Rubber Co. v. Delmar

*John H. Cartwright,* for plaintiff.

*John E. Rydesky,* for defendant.

TRAMBLEY, P. J., July 26, 1960.—This matter is before the court on a petition for examination of judgment debtor filed by plaintiff.

On May 20, 1959, plaintiff obtained a judgment against defendant in the sum of $12,190.73, with interest from May 21, 1959. On May 21, 1959, a writ of fieri facias was issued out of the Court of Common Pleas of Elk County to the sheriff of said county by virtue of which he levied on various personal property in the possession of defendant. Although no real property was levied upon, evidently defendant owned no real estate as the presumption is that the sheriff properly performed his duty. On June 11, 1959, the goods and chattels of defendant were sold to Mrs. Betty Delmar, 334 Depot Street, St. Marys, Elk County, for a total of $75.

Plaintiff on January 5, 1960, filed its petition for examination of the judgment debtor under the Act of May 9, 1913, P. L. 197, sec. 1, 12 PS §2242.

On the same day the court made an order requiring defendant to appear in the court on Monday, February 1, 1960, and bring with him all books and records of his business formerly known as the Holliday Tire Company and to be examined orally concerning the facts set forth in said petition. The hearing was continued at the request of counsel and was not finally held until April 5, 1960.

At the beginning of the hearing the attorney for defendant announced that defendant was in court and had brought his books with him but moved the court to restrict plaintiff to oral examination of defendant and not to examination of the books. Attorney for plaintiff countered with a request that defendant be required to submit the records and books of his busi-

ness up to June 11, 1959, for the purpose of being examined by an accountant. Plaintiff placed defendant on the stand and asked him certain questions and then counsel requested the court to continue the matter pending a decision as to whether or not under the petition filed by plaintiff the books of defendant could be so examined. This request was granted and the matter is now before the court for determination of this point.

Both sides cited the cases of Trainer v. Saunders, 270 Pa. 451, and the Wayne Title and Trust Company v. Mellett, 28 D. & C. 117, in support of their contention. We cannot see that either of these cases decide the point here in question nor have we been able to find any other case or cases which do.

Therefore, while it would seem to be unnecessarily time consuming and an extra burden on plaintiff, we are constrained to hold that plaintiff has no right to go beyond what it asked for in its petition and what was set forth in the order of court. The order of court merely required defendant to appear in court and to bring his books and records with him and to be examined orally concerning the facts set forth in the petition. We must therefore refuse plaintiff's request that it be permitted to have an accountant examine these books in this proceedings.

The court therefore makes the following

*Order*

Now, July 26, 1960, the request of plaintiff is refused and the court holds that plaintiff has no right to have the books of defendant examined by an accountant under the Act of 1913, supra, 12 PS §2242, and that if plaintiff desires to further examine defendant orally as provided in said order, it may do so and the court will fix a date for such further examination on request to do so by plaintiff or its counsel.